THE CHILLICOTHE SAVINGS ASSOCIATION, Respondent, v. A. D. MORRIS, Appellant.

### Kansas City Court of Appeals, January 30, 1893.

Practice, Trial: PLEADING: INDEFINITE ACCOUNT. A petition declared on the balance of an account for $1,500, averring that an itemized statement was thereto attached, but no such statement was attached; defendant demurred on account of that defect, which demurrer the court struck out. Defendant then moved to have the petition and account made more definite, and this motion was overruled, and the defendant declining to plead further judgment was rendered for plaintiff. *Held*, error, as defendant should be informed of the different items that go to make up the account, and had attempted in every way known to the practice to have the defect in the petition properly cured.

*Appeal from the Livingston Circuit Court.*—HON. B. B. GILL, Special Judge.

REVERSED AND REMANDED (*with directions*).

*Davis, Loomis & Davis,* for appellant.

(1) The petition does not state a cause of action. It does not set forth the items of the account, nor is a copy thereof attached to the petition or filed therewith. Revised Statutes, sec. 2075; *Graves v. Pierce,* 53 Mo.

423, 430; *Hassett v. Rust*, 64 Mo. 325, 329; *McWilliams v. Allen*, 45 Mo. 573; *Connor v. Herman*, 44 Mo. App. 346; *Meyer v. McCabe*, 73 Mo. 236, 242; *Meyer v. Chambers*, 68 Mo. 626; *Baker v. Raley*, 18 Mo. App. 562, 567. (2) The appellant's motion to require respondent to make its petition more definite and certain, and to set forth the items of the account sued on in its petition, or to file a copy of said account with said petition should have been sustained. *Meyer v. Chambers, supra; Baker v. Raley, supra.*

*L. A. Chapman* and *F. Sheetz*, for respondent.

(1) "An account is a detailed statement of mutual demands in the matter of debt and credit, arising out of contract or some fiduciary relation." *McWilliams v. Allen*, 45 Mo. 574; Adjudged Words and Phrases (Winfield), p. 11. An account is a computation or statement of mutual demands, in the matter of debt and credit, arising out of personal property bought or sold, services rendered, materials furnished, and the use of property hired and returned. *McMaster v. Booth*, 4 How. Pr. (N. Y.) 428; Adjudged Words and Phrases (Winfield), p. 11; *Stringham v. Board*, 24 Wis. 299; *Whitwell v. Willard*, 1 Met. (Mass.) 217. (2) No error was committed in overruling defendant's first demurrer unless the general ground of demurrer, that the petition states no cause of action, would reach the failure to file an account or statement in this cause. If this suit was founded on an account, such as contemplated by section 2075, Revised Statutes of Missouri, the failure to file the account would not be reached by this demurrer and was waived. *Meyer v. McCabe*, 73 Mo. 236, 242; *Labadie v. Maguire*, 6 Mo. App. 573; *Kingsland v. Iron Co.*, 29 Mo. App. 534; *Meyer v. Lowell*, 44 Mo. 328. (3) The court

committed no error in overruling defendant's motion to make plaintiff's petition more definite and certain.

GILL, J.—This is an action on a bank account, alleged to have accrued during the years 1889 and 1890, wherein a balance is claimed of $1,561. The petition charges defendant as one of the partnership of McCormick & Morris, and the amount sued for is alleged to be on account of moneys overdrawn during said years 1889 and 1890—"an itemized statement whereof" was alleged as attached to the petition and made a part thereof. But no itemized account was attached.

The defendant filed several different pleadings, some of which we deem it unnecessary to notice. It is sufficient to say, however, that on October 7, 1891, defendant filed a demurrer to the petition specifically complaining: "*Second.* That said petition fails to set out the items of the account upon which the suit and demand is founded, and does not have attached to or filed with the petition an itemized account of their demand." This was on plaintiff's motion stricken out. Thereupon on the same day defendant moved the court to require plaintiff to make its petition more definite and certain in this, to-wit: "That it set forth in its petition the items of the account therein alleged and sued on, or attached to said petition, referring to it therein, a copy of the account therein alleged and sued on, and upon failure so to do to dismiss said petition." The court overruled this motion; defendant refused to further appear or plead in the cause, and, thereupon, judgment was entered in plaintiff's favor, and defendant appealed.

That this is an action on an account—the items of which should have been set out in the petition, or incorporated in an itemized statement of account

annexed to and filed therewith, as required by section 2075 of our code of practice—is too plain for argument. The plaintiff's petition was then clearly defective, in that it failed to contain a statement of the items going to make up the alleged cause of action, or, in lieu thereof, to have attached and filed therewith a copy of such itemized account.

The defendant attempted in every way known to our practice to have this defect properly cured, or if not to have the case dismissed; but the court erroneously denied any relief. The wisdom of this statute, which requires such an itemized statement of account, is here most manifest. If this $1,500 balance of account results from the various transactions of the firm of McCormick & Morris (of which defendant was a member) covering a period of two years as alleged, the defendant should be informed of the different items that go to make it up, so that he may determine whether or not he has any good defense to any part of the amount claimed.

The court committed error to the prejudice of the defendant; and its judgment will be reversed and the cause remanded, with directions to sustain the defendant's motion to require plaintiff to make its petition more definite and certain. The other judges concur.